# CHAMBERS COUNTY DISTRICT CLERK



FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/5/2015 3:24:23 PM

CHRISTOPHER A. PRINE
Clerk

PATTI L. HENRY
DISTRICT CLERK
(409) 267-2432 OFFICE

P.O. DRAWER NN
ANAHUAC, TEXAS 77514
(409) 267-8209 – FAX NO.

## NOTICE OF APPEAL AND ASSIGNMENT OF COURT

January 5, 2015

**TO:** First Court of Appeals
Houston, Texas 77002

RE: Cause No. CV29009; In the Matter of the Marriage of Shaun Kelly In the 253rd DISTRICT COURT OF CHAMBERS COUNTY, TEXAS

**Styled: AMANDA LEIGH SELLERS, APPELLANT**
**VS.**
**SHAUN KELLY SELLERS**

**DATE OF JUDGMENT : December 5, 2014**
**NOTICE OF APPEAL: Filed: January 5, 2015.**

The above case was assigned to your Court on the 5th__ Day of **JANUARY** A. D. **2015**, by the Clerk of the District Court of Chambers County, Texas.

Sincerely,

PATTI L. HENRY, DISTRICT CLERK
CHAMBERS COUNTY, TEXAS
BY: _____
Linda Muniz, Deputy Clerk

CC: Amanda Leigh Sellers
Appellant Pro-Se
23818 Firegate Drive
Spring, Texas 77373

Beverly J. Harper
Attorney At Law
P.O. Box 665
Channelview, Texas 77530

**NO. CV29009**

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 253RD JUDICIIAL DISTRICT |
| SHAUN KELLY SELLERS | § | |
| AND | § | |
| AMAND LEIGH SELLERS | § | |
| | § | |
| | § | |
| AND IN THE INTEREST OF | § | CHAMBERS COUNTY, TEXAS |
| PEYTON GRACE SELLERS | § | |
| A MINOR CHILD | § | |

## NOTICE OF APPEAL

This notice of Appeal is filled by Amanda Leigh Sellers,

Respondent, a part to this trail court's judgment or other appealable

order.

1. The trial court, cause number, and style of this case are in

the caption above.

2. The judgment or order appealed from was signed on

December 5, 2014

3. Amanda Leigh Sellers desires to appeal from all portions of

the judgment.

4. This notice is being filed by Amanda Leigh Sellers

Respectfully Submitted

Amanda Leigh Sellers
23818 Firegate Drive
Spring, Texas 77373
(832) 914-3986
*Pro S*

## Certificate of Service

I certify that a true copy of this Notice of Appeal was served in accordance with rule 9.5 of the Texas Rule of Appellate Procedure on each party or that party's lead counsel as follows by facsimile on December 5, 2014:

A Copy of this notice is being with the appellate clerk in accordance with the Rule 25.1(e) of the Texas Rule of Appellate Procedure.

AMANDA LEIGH SELLERS
*PRO S*

ATTORNEY FOR PETITIONER:
BEVERLY J. HARPER
P.O. BOX 665
CHANNELVIEW, TEXAS 77530

NO. CV29009

RESPONDENT'S COPY

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SHAUN KELLY SELLERS | § | 253RD JUDICIAL DISTRICT |
| AND | § | |
| AMANDA LEIGH (BAKER) SELLERS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| PEYTON GRACE SELLERS | § | |
| A MINOR CHILD | § | CHAMBERS COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE
## APPLICATION FOR TEMPORARY RESTRAINING ORDER,
## TEMPORARY EX PARTE RESTRAINING ORDER,
## REQUEST FOR HEARING ON TEMPORARY ORDERS
## AND NOTICE OF HEARING

1.    *Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure. One child is involved in this divorce case, and the value of the marital estate is more than $50,000.

2.    *Parties*

This suit is brought by SHAUN KELLY SELLERS, Petitioner, social security number xxx-xx-x027, who is over the age of eighteen years and resides in Chambers County, TX. AMANDA LEIGH (BAKER) SELLERS, Respondent, whose social security number is XXX-XX-X908 is also over the age of eighteen years, and whose residence is now in Montgomery County, Texas but she was formerly a resident of Chambers County, Texas.

3.    *Domicile*

Petitioner has been a domiciliary of Texas for the preceding six month period and a resident of Chambers County for the preceding ninety-day period.

4.    *Service*

Service on Respondent is necessary at this time. AMANDA LEIGH (BAKER) SELLERS,

1

the Respondent, may be served at: her residential address is 30714 Dodson Trace Drive, Spring, Montgomery County, TX 77386 or wherever she may be found.

5.    *Jurisdiction*

This Court has jurisdiction over this matter as a result of the residence of the parties and the child within Chambers County, Texas.

6.    *Protective Order Statement Application filed contemporaneously*

No application for a protective order under title 4 of the Texas Family Code is pending with regard to the parties to this suit.

7.    *Dates of Marriage and Separation*

The parties were married on August 9, 2008. They ceased to live together as husband and wife on or about August 1, 2014.

8.    *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

9.    *Child of the Marriage*

Petitioner and Respondent are parents of the following child of this marriage who is not under the continuing jurisdiction of any other court:

> Name: PEYTON GRACE SELLERS
> Sex: Female
> Birthplace: Houston, Harris County, TX
> Birth date: 12/04/2008

10.    *Property Agreement Anticipated*

Petitioner believes that Petitioner and Respondent will enter into a marital-property agreement defining their rights to all their property. In the event the parties fail to agree, Petitioner requests the Court to divide the marital estate in accordance with all of the evidentiary factors set

2

out in the Texas Family Code.

11.   *Division of Community Property*

Petitioner believes Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is **not** made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law based on the following including, but not limited to:

1.   Fault in the breakdown of the marriage;

2.   Community indebtedness and liabilities by each of the spouses;

3.   Tax consequences of the division of the property;

4.   Nature of the property divided;

5.   The respective earning capacity of the parties;

6.   The education and employability of the parties;

7.   The loss of the innocent spouse of the contribution of the guilty spouse to the marital estate; and,

8.   Attorney's fees and costs to be paid.

12.   *Request for Temporary Orders and Injunctions Regarding Person and Property*

Petitioner requests the Court, after notice and hearing, for the preservation of the property and protection of the parties, to make temporary orders and issue appropriate temporary orders and issue any temporary mutual injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

1.   Awarding to each party the vehicle in the possession of each party and enjoining the other party from entering, operating or exercising control over it during the pendency of this suit; and specifically awarding to Petitioner any vehicle he has in his possession and enjoining the Respondent from entering, operating or exercising control over it during the pendency of this suit.

3

2. Awarding to each party the vehicle in the possession of each party and enjoining the other party from entering, operating or exercising control over it during the pendency of this suit; and specifically awarding to Respondent the 2010 Saturn SUV and enjoining the Petitioner from entering, operating or exercising control over it during the pendency of this suit.

13. _Request for Temporary Restraining Orders and Injunctions_

Petitioner requests the Court, without notice and hearing, for the preservation of the property and protection of the parties, to issue ex parte temporary restraining orders and at the time of hearing hereon to issue appropriate temporary orders and issue any temporary mutual injunctions respecting the temporary use of the parties' property as deemed necessary and equitable, including but not limited to the following:

"The mutual injunctions granted below shall be effective immediately and shall be binding on SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS. IT IS ORDERED that SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS, are hereby enjoined from the following:

1. Communicating with the other party in person by telephone, or in writing in a vulgar, profane, obscene or indecent language or in an offensive manner.

2. Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount, or location of any property of the parties, or either of them.

3. Damaging or destroying the tangible property of the parties, or either of them, including any document that represents or embodies anything of value.

4. Tampering with the tangible property of the parties, or either of them, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

5. **Selling, transferring, assigning, mortgaging, encumbering or in any manner alienating any of the property of a party, whether separate or community property, specifically the Respondent's gun collection and the two boats.**

6. Incurring any indebtedness, other than legal expenses, in connection with this case, except as authorized by the Court.

7. Making withdrawals from any bank account or savings account in any financial institution for any purpose, except as authorized by this Court.

4

8. Changing or in any manner altering the beneficiary designation on any life insurance policy, retirement or pension plan, or any other benefit of a party.

9. Canceling, altering or in any manner affecting any casualty, automobile or health insurance policy insuring a parties' life or property.

10. Opening or diverting the mail addressed to the other party.

11. Signing or endorsing the other party's name on any negotiable instrument, check, draft, such as tax refunds, insurance payments and dividend, or attempting to negotiate any negotiable instrument payable to the other party without the personal knowledge of the other party.

12. Taking any action to terminate or to limit credit or charge cards in the name of a party.

13. Entering, operating or exercising control over the motor vehicle in the possession of the other party.

Further, SHAUN KELLY SELLERS requests that at the time of hearing on Temporary Orders the Court order that each party is specifically authorized:

1. To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this case.

2. To make expenditures and incur indebtedness for necessary and customary living expenses for food, clothing shelter, transportation and medical care.

3. To make withdraws for accounts only for the purposes authorized by the Court's order.

14. *Request for Temporary Orders Concerning the Use of Property*

Petitioner requests the Court, after notice and hearing, for the preservation of the property

and protection of the parties, to make temporary orders and issue appropriate temporary orders

and issue any temporary mutual injunctions respecting the temporary use of the parties' property

as deemed necessary and equitable, including but not limited to the following:

1. Awarding to each party the vehicle in the possession of each party and enjoining the other party from entering, operating or exercising control over it during the pendency of this suit; and specifically awarding to Petitioner any vehicle he has in his possession and enjoining the Respondent from entering, operating or exercising control over it during the pendency of this suit.

2. Awarding to each party the vehicle in the possession of each party and enjoining the other party from entering, operating or exercising control over it during the pendency of this suit; and specifically awarding to Respondent the 2010 Saturn SUV and enjoining the Petitioner from entering, operating or exercising control over it during the pendency of

5



this suit.

15. _Request for Temporary Orders Regarding the Child_

Petitioner requests the Court, after notice and hearing, to dispense with the necessity of a bond and to make temporary orders and issue any appropriate temporary injunctions for the safety and welfare of the child of the marriage and deemed necessary and equitable, including, but not limited to the following:

1. Appointing Petitioner the temporary joint managing conservator _with_ the exclusive right to determine the residence of the child and to make all medical and educational decisions regarding the child, PEYTON GRACE SELLERS;

2. Appointing Respondent the joint managing conservator _without_ the exclusive right to determine the residence of the child and without the right to make all medical and educational decisions regarding the child, PEYTON GRACE SELLERS, and designating periods of possession by the Respondent as ordered by the Court;

3. Ordering the Respondent to pay child support to Petitioner for the benefit of the child in an amount and manner consistent with the guidelines for support as set out in the Texas Family Code; and,

4. Ordering each party to pay one-half of all uninsured medical, optical and dental expenses of the child.

16. _Request for Child Protection Injunctions_

Petitioner requests that the Court make temporary orders at the time of hearing hereon and at the time of final trial hereon, to make permanent mutual injunctions as to both parties to protect the health, welfare and safety of the child in substantially the following form:

"The mutual injunctions granted below shall be effective immediately and shall be binding on SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS   IT IS ORDERED that SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS, are hereby enjoined from the following:

1. Consuming or allowing third parties to consume alcoholic beverages during a period of possession of the child;

2. Consuming alcohol eight hours prior to a period of possession of the child;

6

3. Using an illegal or controlled substance whether or not in possession of the child;

4. Allowing third parties to use an illegal or controlled substance during a party's period of possession of the child;

5. Discussing this divorce proceeding or related matters within the hearing of the child or in the presence of the child;

6. Allowing third parties to discuss this divorce proceeding or related matters within the hearing of the child or in the presence of the child;

7. Interrogating a child regarding the conduct of the other party during a period of possession of a child;

8. Allowing third parties to interrogate a child regarding the conduct of the other party during a period of possession of a child;

9. Making any derogatory comment or gesture regarding a party or a party's family member within the hearing of the child or in the physical presence of the child;

10. Allowing third parties to make any derogatory comment or gesture regarding a party or a party's family member within the hearing or in the physical presence of the child;

11. Communicating with the other party or a child, in person, by telephone, or in writing in vulgar, profane, obscene or indecent language, or in a coarse or offensive manner;

12. Allowing any unrelated adult member of the opposite sex to be in a party's residence between the hours of 10:00 o'clock p.m. and 7:00 o'clock a.m. during a period of possession of a child;

13. Removing a child from the possession of a party or a designated competent adult acting on behalf of a party without an order from the court to do so; and,

14. Hiding or secreting the child from a party.

15. Directly or through the agency of a third party or anonymously, intentionally communicating with the other party in person by telephone, text, email, or in writing, in **vulgar, profane, obscene or indecent language, or in coarse or offensive manner, with the intent to harass, annoy or alarm the other party;**

16. Directly or through the agency of a third party or anonymously, **placing one or more telephone calls, text messages or emails, *or* at any unreasonable hour, in an offensive and repetitious manner, *or* without a legitimate purpose of communicating with the intent to harass, annoy or alarm the other party;**

17. Directly or through the agency of a third party or anonymously, placing one or more telephone calls, text messages or emails, **threatening the other party with**

7

imminent bodily injury;

18.     Directly or through the agency of a third party or anonymously, **threatening to take an unlawful action against any person**, intending by this action to annoy, harass or alarm the other party by telephone, text messages or emails;

19.     **Making false reports to any governmental agency** for the purpose of annoying, harassing, threatening or intimidating the other party;

20.     **Making false reports to any law enforcement agency** for the purpose of annoying, harassing, threatening or intimidating the other party;

21.     **Intentionally falsifying any writing or record relating to the conduct of a party; and,**

22.     **Intentionally, knowingly or recklessly causing bodily injury to a party either in person, or through the agency of a third party.**

17.     *Request for Interim and Final Attorney's Fees and Expenses*

It was necessary for Petitioner to secure the services of Beverly J. Harper, a licensed attorney, to prepare and prosecute this suit as to the issues of child custody, periods of possession, child support and property division, injunctions to secure and to protect the health, welfare and safety of the child.

In the event the parties are unable to reach an agreement regarding custody, possession, property and injunctions, the Petitioner requests that the Court grant a judgment for interim attorney's fees and costs against the Respondent in favor of Petitioner for the use and benefit of Ms. Harper, or alternatively, to be taxed as costs and ordered immediately payable directly to Ms. Harper for the preparation of this suit and for the future reasonable attorney's fees and costs for the final trial of this case.  The Petitioner requests that Ms. Harper be allowed to enforce the Court's order in her own name.

18.     *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grants a divorce and all other relief requested in this petition. Petitioner prays that the Court issue an *ex parte* temporary restraining order and at after notice and hearing hereon to appoint the parties joint

8

managing conservators as requested herein, order division of the marital estate if the parties fail to agree, grant all orders as requested herein and grant temporary injunctions as to the person and property of the parties and of the child as well to maintain the stability and continuity of the child with the Petitioner. Petitioner prays for general relief to which he may be entitled by law or equity.

Respectfully submitted,

_____
Beverly J. Harper
P. O. Box 665
Channelview, Texas 77530
(281) 839-7465
(281) 839-7645 FAX
State Bar No. 14250450
beverlyjharper@gmail.com
Attorney for SHAUN KELLY SELLERS

## NOTICE OF HEARING TEMPORARY ORDERS

Hearing on the foregoing request for temporary orders is hereby set for __11:00__ o'clock a.m.

on __Dec. 5, 2014__, 2014.

_____
JUDGE PRESIDING OR CLERK OF THE COURT

FILED
THIS THE __18th__ DAY OF __November__
A.D. 20 __14__ AT __11:30__ O'CLOCK __A__ M
PATTI L. HENRY
DISTRICT CLERK, CHAMBERS COUNTY, TEXAS
BY_____ DEPUTY

9

NO. **CV29009**

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SHAUN KELLY SELLERS | § | 253RDJUDICIAL DISTRICT |
| AND | § | |
| AMANDA LEIGH (BAKER) SELLERS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| PEYTON GRACE SELLERS | § | |
| A MINOR CHILD | § | CHAMBERS COUNTY, TEXAS |

### TEMPORARY RESTRAINING ORDER AND
### ORDER SETTING HEARING FOR TEMPORARY ORDERS

On this day, the request of SHAUN KELLY SELLERS, the Petitioner in this suit for divorce, for a temporary ex parte restraining order was presented to the Court.

The Court examined the pleadings of the Petitioner. All references to the child are to PEYTON GRACE SELLERS.

IT IS THEREFORE ORDERED that the Clerk of the Court issue a temporary ex parte restraining order restraining Petitioner, SHAUN KELLY SELLERS, and the Respondent, AMANDA LEIGH (BAKER) SELLERS; and, SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS are hereby immediately restrained from, and ordered, not to do the following:

"The mutual injunctions granted below shall be effective immediately and shall be binding on SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS. IT IS ORDERED that SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER) SELLERS, are hereby enjoined from the following:

1. Communicating with the other party in person by telephone, or in writing in a vulgar, profane, obscene or indecent language or in an offensive manner.

2. Misrepresenting or refusing to disclose to the other party or the Court, on proper request, the existence, amount, or location of any property of the parties, or either of them.

1

3. Damaging or destroying the tangible property of the parties, or either of them, including any document that represents or embodies anything of value.

4. Tampering with the tangible property of the parties, or either of them, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party.

5. Selling, transferring, assigning, mortgaging, encumbering or in any manner alienating any of the property of a party, whether separate or community property.

6. Incurring any indebtedness, other than legal expenses, in connection with this case, except as authorized by the Court.

7. Making withdrawals from any bank account or savings account in any financial institution for any purpose, except as authorized by this Court.

8. Changing or in any manner altering the beneficiary designation on any life insurance policy, retirement or pension plan, or any other benefit of a party.

9. Canceling, altering or in any manner affecting any casualty, automobile or health insurance policy insuring a parties' life or property.

10. Opening or diverting the mail addressed to the other party.

11. Signing or endorsing the other party's name on any negotiable instrument, check, draft, such as tax refunds, insurance payments and dividend, or attempting to negotiate any negotiable instrument payable to the other party without the personal knowledge of the other party.

12. Taking any action to terminate or to limit credit or charge cards in the name of a party.

13. Entering, operating or exercising control over the motor vehicle in the possession of the other party

"The mutual injunctions granted below shall be effective immediately and shall be binding

on SHAUN KELLY SELLERS, Petitioner, and the Respondent, AMANDA LEIGH (BAKER)

SELLERS. IT IS ORDERED that SHAUN KELLY SELLERS, Petitioner, and the Respondent,

AMANDA LEIGH (BAKER) SELLERS, are hereby enjoined from the following:

1. Consuming or allowing third parties to consume alcoholic beverages during a period of possession of the child;

2. Consuming alcohol eight hours prior to a period of possession of the child;

2

3. Using an illegal or controlled substance whether or not in possession of the child;

4. Allowing third parties to use an illegal or controlled substance during a party's period of possession of the child;

5. Discussing this divorce proceeding or related matters within the hearing of the child or in the presence of the child;

6. Allowing third parties to discuss this divorce proceeding or related matters within the hearing of the child or in the presence of the child;

7. Interrogating a child regarding the conduct of the other party during a period of possession of a child;

8. Allowing third parties to interrogate a child regarding the conduct of the other party during a period of possession of a child;

9. Making any derogatory comment or gesture regarding a party or a party's family member within the hearing of the child or in the physical presence of the child;

10. Allowing third parties to make any derogatory comment or gesture regarding a party or a party's family member within the hearing or in the physical presence of the child;

11. Communicating with the other party or a child, in person, by telephone, or in writing in vulgar, profane, obscene or indecent language, or in a coarse or offensive manner;

12. Allowing any unrelated adult member of the opposite sex to be in a party's residence between the hours of 10:00 o'clock p.m. and 7:00 o'clock a.m. during a period of possession of a child;

13. Removing a child from the possession of a party or a designated competent adult acting on behalf of a party without an order from the court to do so; and,

14. Hiding or secreting the child from a party.

15. Directly or through the agency of a third party or anonymously, intentionally communicating with the other party in person by telephone, text, email, or in writing, in **vulgar, profane, obscene or indecent language, or in coarse or offensive manner, with the intent to harass, annoy or alarm the other party;**

16. Directly or through the agency of a third party or anonymously, **placing one or more telephone calls, text messages or emails, *or* at any unreasonable hour, in an offensive and repetitious manner, *or* without a legitimate purpose of communicating with the intent to harass, annoy or alarm the other party;**

17. Directly or through the agency of a third party or anonymously, placing one or more

3

telephone calls, text messages or emails, **threatening the other party with imminent bodily injury;**

18.     Directly or through the agency of a third party or anonymously, **threatening to take an unlawful action against any person,** intending by this action to annoy, harass or alarm the other party by telephone, text messages or emails;

19.     **Making false reports to any governmental agency** for the purpose of annoying, harassing, threatening or intimidating the other party;

20.     **Making false reports to any law enforcement agency** for the purpose of annoying, harassing, threatening or intimidating the other party;

21.     **Intentionally falsifying any writing or record relating to the conduct of a party; and,**

22.     **Intentionally, knowingly or recklessly causing bodily injury to a party either in person, or through the agency of a third party.**

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law.  This order shall be binding on SHAUN KELLY SELLERS, the Petitioner, and AMANDA LEIGH (BAKER) SELLERS, the Respondent, on their agents, servants, and employees and on those persons in active concert or participation with them and who receive actual notice of this order by personal service or otherwise. The requirement of bond is hereby waived.

IT IS FURTHER ORDERED that the Clerk shall issue to Respondent, AMANDA LEIGH (BAKER) SELLERS, to appear and Respondent, AMANDA LEIGH (BAKER) SELLERS is hereby ordered to appear before this Court on the __5th__ Day of __Dec.__, 2014, at __11:00__ o'clock a.m.  The purpose of the hearing is to determine whether during the pendency of this case, the Court should do the following:

1. Appointing Petitioner the temporary joint managing conservator *with* the exclusive right to determine the residence of the child and to make all medical and educational decisions regarding the child, PEYTON GRACE SELLERS;

2. Appointing Respondent the joint managing conservator *without* the exclusive right to

4

determine the residence of the child and without the right to make all medical and educational decisions regarding the child, PEYTON GRACE SELLERS, and designating periods of possession by the Respondent as ordered by the Court;

3. Ordering the Respondent to pay to the Petitioner, child support consistent with the guidelines for support as set out in the Texas Family Code;

4. Ordering each party to pay one-half of all uninsured medical, optical and dental expenses of the child.

5. Enjoining the parties from conduct injurious to the child as set out above to maintain the stability and continuity of the child's current environment at school and enjoining the Respondent from removing the child from the jurisdiction of the Court; and,

6. The Court should order the Respondent to pay interim attorney's fees and anticipated expenses.

SIGNED this _____18R_____ Day of _____Novenbe_____, 2014 @ _11:05_ A.M.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

_____
Beverly J. Harper
P. O. Box 665
Channelview, TX 77530
281.839.7465
281.839.7645 FAX
TSBN 14250450
beverlyjharper@gmail.com
Attorney for SHAUN KELLY SELLERS,
Petitioner

FILED
THIS THE _____18th_____ DAY OF _Novenber_
A.D. 20_14_ AT _11:20_ O'CLOCK _A_ M
PATTI L. HENRY
DISTRICT CLERK, CHAMBERS COUNTY, TEXAS
BY_____DEPUTY

5

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| SHAUN KELLY SELLERS | § | 253RD    JUDICIAL DISTRICT |
| AND | § | |
| AMANDA LEIGH (BAKER) SELLERS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| PEYTON GRACE SELLERS | § | |
| A MINOR CHILD | § | CHAMBERS COUNTY, TEXAS |

## AGREED TEMPORARY ORDER MODIFYING PRIOR ORDER
## IN SUIT AFECTING THE PARENT-CHILD RELATIONSHIP

On December 5, 2014, the Court heard this case.

### Appearances

Petitioner, SHAUN KELLY SELLERS, appeared in person and through his attorney of record, BEVERLY J. HARPER, and announced ready and has agreed to the terms of this AGREED TEMPORARY ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP as evidenced by Petitioner's signature below along with that of his attorney.

Respondent, AMANDA LEIGH (BAKER) SELLERS, appeared in person and announced ready and has agreed to the terms of this AGREED TEMPORARY ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP Suit Affecting the Parent-Child Relationship as evidenced by Respondent's signature below.

### Record

The making of a record of testimony was waived by the parties with the consent of the Court.

### Jurisdiction and Domicile

The Court finds that it has jurisdiction of this case as a result of prior proceedings. All persons entitled to citation have been duly cited.

### Agreement of Parties

The Court finds that the parties have entered into a written agreement as contained in this temporary order by virtue of having approved this temporary order as to both form and substance. To the extent permitted by law, the parties stipulate the

1

agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Agreed Temporary Order.

## Child the Subject of this Suit

The Court finds that Respondent and Movant are the parents of the following child:

Name: PEYTON GRACE SELLERS
Sex: Female
Birth Date: 12/04/2008
Birth Place: Houston, Chambers County, TX

## Parenting Plan

The Court finds that the provisions in this temporary order relating to the rights' and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child.

## Conservatorship

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child.

IT IS ORDERED that SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS are appointed Joint Managing Conservators of the following child: PEYTON GRACE SELLERS.

IT IS ORDERED that, at all times, SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS, as parent joint managing conservators of the child, shall have the following rights:

1. the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

2

6.  the right to attend school activities;

7.  the right to be designated on the child's records as a person to be notified in case of an emergency;

8.  the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.  the right to manage the estates of the child to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS, as parent joint managing conservators, shall each have the following duties:

1.  the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2.  the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS, as parent joint managing conservators during their respective periods of possession, shall have the following rights and duties:

1.  the duty of care, control, protection, and reasonable discipline of the child;

2.  the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3

3.     the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.     the right to direct the moral and religious training of the child.

IT IS ORDERED that SHAUN KELLY SELLERS, as a parent joint managing conservator, shall have the following rights and duty:

1.     **the exclusive right to designate the primary residence of the child or a child within Chambers County and any counties contiguous to Chambers County, Texas.** If AMANDA LEIGH (BAKER) SELLERS does not live in Chambers County, Texas, and any county contiguous to Chambers County, Texas, the geographical restriction is lifted from SHAUN KELLY SELLERS.

2.     **the joint right by mutual agreement to consent to medical, dental, and surgical treatment involving invasive procedures.** In the event that the parties are unable to agree, the decision shall be made by the child's pediatrician or doctor;

3.     **the independent right to consent to psychiatric and psychological treatment of the child or a child, after consulting with the other parent** prior to a child's first appointment, except in an emergency, and to provide the telephone number of the mental health professional to see the child and the date of the appointment;

4.     **the exclusive right to receive and give receipt for periodic payments for the support of the child or a child** and to hold or disburse these funds for the benefit of the child or a child;

5.     **the independent right to represent the child or a child in legal action** and to make other decisions of substantial legal significance concerning the child or a child;

6.     **the joint right by mutual agreement to consent to marriage and to enlistment in the armed forces of the United States;**

7.     **the exclusive right to make decisions concerning the child or a child's education, after consulting with AMANDA LEIGH (BAKER) SELLERS;**

8.     except as provided by Section 264.0111 of the Texas Family Code, the joint right by mutual agreement to the services and earnings of the child or a child;

9.     except when a guardian of the child or a child's estates or a guardian or attorney ad litem has been appointed for the child or a child, the joint right by mutual agreement to act as an agent of the child or a child in

4

relation to the child or a child's estates if the child or a child's action is required by a state, the United States, or a foreign government; and

10. the joint duty by mutual agreement to manage the estates of the child or a child to the extent the estates have been created by community property or the joint property of the parents.

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS, as a parent joint managing conservator, shall have the following rights and duty:

1. **the joint right by mutual agreement to consent to medical, dental, and surgical treatment involving invasive procedures.** In the event that the parties are unable to agree, the decision shall be made by the child's pediatrician or doctor;

2. **the independent right to consent to psychiatric and psychological treatment of the child or a child, after consulting with the other parent prior to a child's first appointment,** except in an emergency, and to provide the telephone number of the mental health professional to see the child and the date of the appointment;;

3. **the independent right to represent the child or a child in legal action** and to make other decisions of substantial legal significance concerning the child or a child;

4. **the joint right by mutual agreement to consent to marriage and to enlistment in the armed forces of the United States;**

5. except as provided by Section 264.0111 of the Texas Family Code, the joint right by mutual agreement to the services and earnings of the child or a child;

6. except when a guardian of the child or a child's estates or a guardian or attorney ad litem has been appointed for the child or a child, the joint right by mutual agreement to act as an agent of the child or a child in relation to the child or a child's estates if the child or a child's action is required by a state, the United States, or a foreign government; and

7. the joint duty by mutual agreement to manage the estates of the child or a child to the extent the estates have been created by community property or the joint property of the parents.

**Possession and Access**



Based on the Agreement of the parties all periods of possession set out hereafter by AMANDA LEIGH (BAKER) SELLERS shall be supervised at all times by one or more of the following individuals: LARRY DOUTY, NEDRA DOUTY, who are the maternal grandparents and SHARON MEADOWS, the

5

paternal grandmother, until the parties mutually agree otherwise or further order of this court.

1.  ***Standard Possession Order***

The Court finds that the following provisions of this Standard Possession Order are intended to and do comply with the requirements of Texas Family Code Sections 153.311 through 153.317. IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)  Definitions

1.  In this Standard Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.  In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)  Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c)  Parents Who Reside 100 Miles or Less Apart

Except as otherwise explicitly provided in this Standard Possession Order, when AMANDA LEIGH (BAKER) SELLERS resides 100 miles or less from the primary residence of the child, AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child as follows:

1.  Weekends - On weekends that occur whether or not during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday of each month.

6

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

3. Spring Break in Even-Numbered Years - In even-numbered years, beginning at the time the child's school is regularly dismissed on the day the child are dismissed from school for the school's spring vacation and ending at the time school resumes after that vacation.

4. Extended Summer Possession by ~~ALISON JEANNE SMITH F/K/A ALISON JEANNE PENA~~ AMANDA LEIGH BAKER SELLERS

With Written Notice by April 1 - If AMANDA LEIGH (BAKER) SELLERS gives SHAUN KELLY SELLERS written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, AMANDA LEIGH (BAKER) SELLERS shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If AMANDA LEIGH (BAKER) SELLERS does not give SHAUN KELLY SELLERS written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, AMANDA LEIGH (BAKER) SELLERS shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the periods of possession during the regular school term and the weekend periods of possession ORDERED for AMANDA LEIGH (BAKER) SELLERS, it is explicitly ORDERED that SHAUN KELLY SELLERS shall have a superior right of possession of the child as follows:

1. Spring Break in Odd-Numbered Years - In odd-numbered years, beginning at the time the child's school is regularly dismissed on the day the child are dismissed from school for the school's spring vacation and ending at the time school resumes after that vacation.

2. Summer Weekend Possession by SHAUN KELLY SELLERS - If SHAUN KELLY SELLERS gives AMANDA LEIGH (BAKER) SELLERS written notice by April 15 of a year, SHAUN KELLY SELLERS shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by AMANDA LEIGH (BAKER) SELLERS in that year, provided that SHAUN KELLY SELLERS picks up the child from

7

AMANDA LEIGH (BAKER) SELLERS and returns the child to that same place and that the weekend so designated does not interfere with Mother's Day Weekend.

3. Extended Summer Possession by SHAUN KELLY SELLERS - If SHAUN KELLY SELLERS gives AMANDA LEIGH (BAKER) SELLERS written notice by April 15 of a year or gives AMANDA LEIGH (BAKER) SELLERS fourteen days' written notice on or after April 16 of a year, SHAUN KELLY SELLERS may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by AMANDA LEIGH (BAKER) SELLERS shall not take place in that year, provided that the weekend so designated does not interfere with AMANDA LEIGH (BAKER) SELLERS's period or periods of extended summer possession or with Mother's Day Weekend.

(d) Parents Who Reside More Than 100 Miles Apart

Except as otherwise explicitly provided in this Standard Possession Order, when AMANDA LEIGH (BAKER) SELLERS resides more than 100 miles from the residence of the child, AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child as follows:

1. Weekends - Unless AMANDA LEIGH (BAKER) SELLERS elects the alternative period of weekend possession described in the next paragraph, AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child on weekends whether or not they occur during the regular school term, beginning at the time the child's school is regularly dismissed, on the first, third, and fifth Friday of each month and ending at 3:00 p.m. on the following Sunday of each month; and, on weekends that do not occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by AMANDA LEIGH (BAKER) SELLERS begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the Friday holiday or school holiday or end at the time school resumes after that school holiday, as applicable.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child not more than one weekend per month whether or not they occur during the school term, of

8

AMANDA LEIGH (BAKER) SELLERS's choice beginning at the time the child's school is regularly dismissed on the day school recesses for the weekend (and whether or not they are attending school) and ending at the time the child's school resumes after the weekend. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by AMANDA LEIGH (BAKER) SELLERS begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the Friday holiday or school holiday or end at the time school resumes after that school holiday, as applicable. AMANDA LEIGH (BAKER) SELLERS may elect an option for this alternative period of weekend possession by giving written notice to SHAUN KELLY SELLERS within ninety days after the parties begin to reside more than 100 miles apart. If AMANDA LEIGH (BAKER) SELLERS makes this election, AMANDA LEIGH (BAKER) SELLERS shall give SHAUN KELLY SELLERS fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day Weekend below.

2.   Spring Break in All Years - Every year, beginning at the time the child's school is regularly dismissed on the day the child are dismissed from school for the school's spring vacation and ending at the time school resumes after that vacation.

3.   Extended Summer Possession by ~~[struck through]~~ -

With Written Notice by April 1 - If AMANDA LEIGH (BAKER) SELLERS gives SHAUN KELLY SELLERS written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, AMANDA LEIGH (BAKER) SELLERS shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If AMANDA LEIGH (BAKER) SELLERS does not give SHAUN KELLY SELLERS written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, AMANDA LEIGH (BAKER) SELLERS shall have possession of the child for **forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.**

9

Notwithstanding the weekend periods of possession ORDERED for AMANDA LEIGH (BAKER) SELLERS, it is explicitly ORDERED that SHAUN KELLY SELLERS shall have a superior right of possession of the child as follows:

1. Summer Weekend Possession by SHAUN KELLY SELLERS - If SHAUN KELLY SELLERS gives AMANDA LEIGH (BAKER) SELLERS written notice by April 15 of a year, SHAUN KELLY SELLERS shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by AMANDA LEIGH (BAKER) SELLERS during AMANDA LEIGH (BAKER) SELLERS's extended summer possession in that year, provided that if a period of possession by AMANDA LEIGH (BAKER) SELLERS in that year exceeds thirty days, SHAUN KELLY SELLERS may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that SHAUN KELLY SELLERS picks up the child from AMANDA LEIGH (BAKER) SELLERS and returns the child to that same place and that the weekend so designated does not interfere with Mother's Day Weekend.

2. Extended Summer Possession by SHAUN KELLY SELLERS - If SHAUN KELLY SELLERS gives AMANDA LEIGH (BAKER) SELLERS written notice by April 15 of a year, SHAUN KELLY SELLERS may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which AMANDA LEIGH (BAKER) SELLERS shall not have possession of the child, provided that the period or periods so designated do not interfere with AMANDA LEIGH (BAKER) SELLERS's period or periods of extended summer possession or with Mother's Day Weekend.

(e) Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of AMANDA LEIGH (BAKER) SELLERS, SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child as follows:

1. Christmas Holidays in Odd-Numbered Years - In odd-numbered years, AMANDA LEIGH (BAKER) SELLERS shall have the right to possession of the child beginning at the time the child's school is regularly dismissed on the day the child are dismissed from school for the Christmas school vacation and ending at noon on December 26, and SHAUN KELLY SELLERS shall have the right to possession of the child beginning at noon on December 26 and ending at the time the child's school resumes after that Christmas school vacation.

10

2.  Christmas Holidays in Even-Numbered Years - In even-numbered years, ~~correct~~ *correct*
    SHAUN KELLY SELLERS shall have the right to possession of the child ~~BJH~~
    ~~beginning at the time the child's school is regularly dismissed on the day~~
    ~~the child are dismissed from school for the Christmas school vacation and~~
    ~~ending at noon on December 26, and~~ AMANDA LEIGH (BAKER) SELLERS DEC. 25
    shall have the right to possession of the child beginning at noon on
    December 26 and ending at the time the child's school resumes after that
    Christmas school vacation. *95*

3.  Thanksgiving in Odd-Numbered Years - In odd-numbered years, AMANDA
    LEIGH (BAKER) SELLERS shall have the right to possession of the child
    beginning at the time the child's school is regularly dismissed on the day
    the child are dismissed from school for the Thanksgiving holiday and
    ending at the time the child's school resumes after that Thanksgiving
    holiday.

4.  Thanksgiving in Even-Numbered Years - In even-numbered years, SHAUN
    KELLY SELLERS shall have the right to possession of the child beginning
    at the time the child's school is regularly dismissed on the day the child
    are dismissed from school for the Thanksgiving holiday and ending at the
    time the child's school resumes after that Thanksgiving holiday.

5.  Child's Birthday - If a parent is not otherwise entitled under this Standard
    Possession Order to present possession of a child on the child's birthday,
    that parent shall have possession of the child and the child's minor
    siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day,
    provided that that parent picks up the child from the other parent's
    residence and returns the child to that same place.

6.  Mother's Day Weekend - AMANDA LEIGH (BAKER) SELLERS shall have
    the right to possession of the child each year, beginning at 6:00 p.m. on
    the Friday preceding Mother's Day and ending at 6:00 p.m. on Father's
    Day, provided that if AMANDA LEIGH (BAKER) SELLERS is not otherwise
    entitled under this Standard Possession Order to present possession of
    the child, he shall pick up the child from SHAUN KELLY SELLERS's
    residence and return the child to that same place.

7.  Father's Day Weekend - SHAUN KELLY SELLERS shall have the right to
    possession of the child each year, beginning at 6:00 p.m. on the Friday
    preceding Mother's Day and ending at 6:00 p.m. on Father's Day,
    provided that if SHAUN KELLY SELLERS is not otherwise entitled under
    this Standard Possession Order to present possession of the child, she
    shall pick up the child from AMANDA LEIGH (BAKER) SELLERS's residence
    and return the child to that same place.

(f)  Undesignated Periods of Possession

11

SHAUN KELLY SELLERS shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for AMANDA LEIGH (BAKER) SELLERS.

(g)    General Terms and Conditions

Except as otherwise explicitly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.    Surrender of Child by SHAUN KELLY SELLERS - SHAUN KELLY SELLERS is ORDERED to surrender the child to AMANDA LEIGH (BAKER) SELLERS at the beginning of each period of AMANDA LEIGH (BAKER) SELLERS's possession at the residence of SHAUN KELLY SELLERS.

If a period of possession by AMANDA LEIGH (BAKER) SELLERS begins at the time the child's school is regularly dismissed, SHAUN KELLY SELLERS is ORDERED to surrender the child to AMANDA LEIGH (BAKER) SELLERS at the beginning of each such period of possession at the school in which the child is enrolled. If the child are not in school, AMANDA LEIGH (BAKER) SELLERS shall pick up the child at the residence of SHAUN KELLY SELLERS at 6:00 p.m., and SHAUN KELLY SELLERS is ORDERED to surrender the child to AMANDA LEIGH (BAKER) SELLERS at the residence of SHAUN KELLY SELLERS at 6:00 p.m. under these circumstances.

2.    Return of Child by AMANDA LEIGH (BAKER) SELLERS - AMANDA LEIGH (BAKER) SELLERS is ORDERED to return the child at the residence of SHAUN KELLY SELLERS at the end of each period of possession. However, it is ORDERED that, if SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS live in the same county (in Chambers County, Texas, and any county contiguous to Chambers County, Texas) at the time of rendition of this order, and AMANDA LEIGH (BAKER) SELLERS's county of residence remains the same after rendition of this order, and SHAUN KELLY SELLERS's county of residence changes (outside of Chambers County, Texas, and any county contiguous to Chambers County, Texas), effective on the date of the change of residence by SHAUN KELLY SELLERS, AMANDA LEIGH (BAKER) SELLERS shall surrender the child to SHAUN KELLY SELLERS at the residence of AMANDA LEIGH (BAKER) SELLERS at the end of each period of possession.

If a period of possession by AMANDA LEIGH (BAKER) SELLERS ends at the time the child's school resumes, AMANDA LEIGH (BAKER) SELLERS is ORDERED to surrender the child to SHAUN KELLY SELLERS at the end of each such period of possession at the school in which the child are enrolled or, if the child are not in school, at the residence of SHAUN KELLY SELLERS at 6:00 p.m.

12

3.  Surrender of Child by AMANDA LEIGH (BAKER) SELLERS - AMANDA LEIGH (BAKER) SELLERS is ORDERED to surrender the child to SHAUN KELLY SELLERS, if the child are in AMANDA LEIGH (BAKER) SELLERS's possession or subject to AMANDA LEIGH (BAKER) SELLERS's control, at the beginning of each period of SHAUN KELLY SELLERS's exclusive periods of possession, at the place designated in this Standard Possession Order at the at the residence of SHAUN KELLY SELLERS.

4.  Return of Child by SHAUN KELLY SELLERS - SHAUN KELLY SELLERS is ORDERED to return the child to AMANDA LEIGH (BAKER) SELLERS, if AMANDA LEIGH (BAKER) SELLERS is entitled to possession of the child, at the end of each of SHAUN KELLY SELLERS's exclusive periods of possession, at the place designated in this Standard Possession Order.

5.  Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.  Designation of Competent Adult - Each conservator may designate any competent adult who is known to the child to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child are picked up or returned.

7.  Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.  Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

9.  Notice to School and SHAUN KELLY SELLERS - If AMANDA LEIGH (BAKER) SELLERS's time of possession of the child ends at the time school resumes and for any reason the child are not or will not be returned to school, AMANDA LEIGH (BAKER) SELLERS shall immediately notify the school and SHAUN KELLY SELLERS that the child will not be or has not been returned to school.

This concludes the Standard Possession Order.

**Parenting Plan: Supplementation of Possession by Electronic Communication**

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS and SHAUN KELLY SELLERS shall provide to one another the telephone number at which the child may be contacted for purposes of this supplementation of possession by electronic communication for the specific periods set out herein. Each conservator is encouraged to communicate regularly with a child when not in possession and it is the responsibility of conservator to make contact and not to rely upon the other conservator to make contact for the

13

communication set out herein. The conservator in possession is ORDERED to make the child available for communication with the conservator not in possession for the periods of time ordered herein.

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS and SHAUN KELLY SELLERS shall have electronic communication on each Saturday and Sunday of each weekend commencing at 7:00 o:clock p.m. and ending at 7:15 o:clock p.m. with the child for which the conservator does not have court-ordered periods of possession.

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS and SHAUN KELLY SELLERS shall have electronic communication on each Monday, Tuesday, Wednesday, Thursday and Friday of each week commencing at 7:00 o:clock p.m. and ending at 7:15 o:clock p.m. with the child for which the conservator does not have court-ordered periods of possession.

For purposes of this order, the term "electronic communication" means any communication facilitated by the use of any wired or wireless technology via the Internet or any other electronic media. The term includes communication facilitated by the use of a telephone, cell phone, electronic mail, instant messaging, videoconferencing, or webcam.

IT IS FURTHER ORDERED that each conservator shall have electronic communication with the child to supplement his or her periods of possession as follows:

a. The child may telephone the other conservator.

b. The child may e-mail or contact by electronic means other than telephone the other conservator.

c. The conservator who is not with the child shall make an effort to talk at least four (4) times a week by calling the child at reasonable times, preferably between at 7:00 o:clock p.m. and ending at 7:15 o:clock p.m.

d. Upon notice of intent to communicate with the child, the conservator who is with the child shall make a good faith effort to make the child available by telephone so that the other conservator may talk to the child.

e. If a message is left from the conservator who is not with the child, the other conservator shall assist the child in returning the call.

f. Reasonable times to call the child at the other conservator's home are between 6 and 7:30 p.m.

14

g. Telephone calls and other communication shall not be monitored by the other conservator unless either believes in good faith that a child is having a problem, in which case the conservator shall advise the other conservator that the call or other communication is being monitored.

h. Telephone contact with the other parent/conservator shall not exceed fifteen (15) minutes in a 24-hour time frame.

## 2. Duration

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

## 3. Noninterference with Possession

IT IS ORDERED that neither conservator shall take possession of the child during the other conservator's period of possession unless there is a prior written agreement signed by both conservators, or, in case of an emergency.

IT IS ORDERED that the party not in possession of the child may communicate with a child while in the other party's possession at the request of a child or for a single conversation not to exceed 15 minutes. IT IS FURTHER ORDERED that neither parent shall communicate with a child or child through digital means, such as email, twitter, or otherwise, unless it is an emergency circumstance, and, it is ORDERED that any parent that receives digital communication from a child while the child is in the possession of the other parent, shall not encourage the communication with the child in that circumstance.

## 4. Travel with the Child or a Child outside the United States

IT IS ORDERED that if a conservator intends to have the child or child travel outside the United States during the conservator's period of possession of the child or child, the conservator shall provide written notice to the other conservator. IT IS ORDERED that this written notice shall include all the following:

a. Any written consent form for travel outside the United States that is required by the country of destination, countries through which travel will occur, or the intended carriers;

b. The date, time, and location of the child's departure from the United States;

c. A reasonable description of means of transportation, including, if applicable, all names of carriers, flight numbers, and scheduled departure and arrival times;

d. A reasonable description of each destination of the intended travel, including the name, address, and phone number of each interim destination and the final travel location;

15

e.  The dates the child are scheduled to arrive and depart at each such destination;

f.   The date, time, and location of the child's return to the United States;

g.  A complete statement of each portion of the intended travel during which the conservator providing the written notice will not accompany the child; and

h.  The name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the child on the intended travel other than the conservator providing the written notice.

5.  In the event the conservator will not accompany the child or child during a portion of the intended international travel, then the conservator shall designate a competent adult known to the child or child to accompany the child or child.

6.  If the intended travel is a group trip, such as with a school or other organization, the conservator providing the written notice is ORDERED to provide with the written notice all information about the group trip and its sponsor instead of stating the name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the child or child.

7.  IT IS FURTHER ORDERED that this written notice shall be furnished to the other conservator no less than 21 days before the intended day of departure of the child or child from the United States.

8.  AMANDA LEIGH (BAKER) SELLERS and SHAUN KELLY SELLERS are each ORDERED to properly execute a written consent form to travel abroad and any other form required for the travel by the United States Department of State, passport authorities, foreign nations, travel organizers, school officials, or public carriers; when applicable, to have the forms duly notarized; and, within ten days of that conservator's receipt of each consent form, to deliver the form to the conservator providing the written notice.

9.  IT IS ORDERED that any conservator who violates the terms and conditions of this Temporary order shall be liable for all costs incurred due to that person's noncompliance with this Temporary order. These costs shall include, but not be limited to, the expense of nonrefundable or non-creditable tickets, the costs of nonrefundable deposits for travel or lodging, attorney's fees, and all other costs incurred seeking enforcement of any provisions of this Temporary order.

**Child Support**

IT IS THEREFORE ORDERED that AMANDA LEIGH (BAKER) SELLERS is obligated to pay and shall pay to SHAUN KELLY SELLERS, child support of **$248.00** per month, with the first payment being due and payable on January 1, 2015 and a like payment being due and payable on February 1, 2015, and thereafter on the first (1st) day of each month until further order of this Court.

**Withholding from Earnings**

16

IT IS ORDERED that any employer of AMANDA LEIGH (BAKER) SELLERS shall be ordered to withhold from earnings for child support from the disposable earnings of AMANDA LEIGH (BAKER) SELLERS for the support of PEYTON GRACE SELLERS.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of AMANDA LEIGH (BAKER) SELLERS by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this temporary order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this temporary order, the balance due remains an obligation of AMANDA LEIGH (BAKER) SELLERS, and it is hereby ORDERED that AMANDA LEIGH (BAKER) SELLERS pay the balance due directly to the state disbursement unit specified below.

### Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to SHAUN KELLY SELLERS for the support of the child. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

IT IS FURTHER ORDERED that AMANDA LEIGH (BAKER) SELLERS shall notify this Court and SHAUN KELLY SELLERS by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of AMANDA LEIGH (BAKER) SELLERS and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, SHAUN KELLY SELLERS, AMANDA LEIGH (BAKER) SELLERS, or an attorney representing SHAUN KELLY SELLERS or AMANDA LEIGH (BAKER) SELLERS, the clerk of this Court shall cause a certified copy of the Order/Notice to Withhold Income for Child Support to be delivered to any employer.

## Health Care

IT IS ORDERED that as additional child support, medical support shall be provided for the child as follows:

1.     IT IS ORDERED that both parents are obligated to provide insurance coverage for the child; IT IS ORDERED that SHAUN KELLY SELLERS is ordered to maintain health insurance coverage on the child through his employer, which at this time is available due to his continuing unemployment.

2.     Definition - "Health insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, and may be provided in the form of an indemnity insurance contract or plan, a preferred provider organization or plan, a health maintenance organization, or any combination thereof.

3.     IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS shall reimburse SHAUN KELLY SELLERS for the cost of the health insurance coverage currently provided by him, the state or federal insurance programs.

4.     Conversion of Policy - IT IS ORDERED that if the party through whose employment or membership in a union, trade association, or other organization health insurance has been provided for the child is leaving that employment, union, trade association, or other organization or for any other reason health insurance will not be available for the child through the employment or membership in a union, trade association, or other organization of either party, the party leaving employment or losing coverage shall, within ten days of termination of his or her employment or coverage, convert the policy to individual coverage for the child in an amount equal to or exceeding the coverage at the time his or her employment or coverage is terminated and if not available through any governmental health insurance coverage available for the child.

5.     IT IS ORDERED that as additional child support, for the cost of the health insurance coverage incurred by her for the child, PEYTON GRACE SELLERS, AMANDA LEIGH (BAKER) SELLERS, is obligated to pay and shall pay to SHAUN KELLY SELLERS, reimbursement of $_____ per month, with the first payment of $_____ being due and payable on January 1, 2015 and a like payment of $_____ being due and payable on February 1, 2015 and a like payment of $_____ due and payable on the first day each month until the first month following the date SHAUN KELLY SELLERS no longer maintains health insurance coverage on the child.

IT IS ORDERED that all reimbursement payments shall be made under Cause No. 2007-50249 through the State Disbursement Unit, P. O. Box 659791, San Antonio, TX 78265-9791 and then remitted by that agency to SHAUN KELLY SELLERS for the reimbursement of health insurance as additional support of the child.  IT IS FURTHER ORDERED that AMANDA LEIGH (BAKER) SELLERS shall pay, when due, all fees charged by that agency.

6.     Claim Forms - Except as provided in paragraph 8 below, the party who is not carrying the health insurance policy covering the child is ORDERED to submit to the party carrying the policy, within ten days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child.

18

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within ten days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

7. Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by the party carrying the health insurance policy covering the child from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who incurred and paid those expenses. IT IS FURTHER ORDERED that the party carrying the policy is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits, to the other party within three days of receiving them.

8. Filing by Party Not Carrying Insurance - In accordance with article 3.51-13 of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including, but not limited to, medical, hospitalization, and dental costs.

9. Secondary Coverage - IT IS ORDERED that nothing in this order shall prevent either party from providing secondary health insurance coverage for the child at that party's sole cost and expense. IT IS FURTHER ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

10. Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced due to the failure of a party to follow procedures or requirements of the carrier, that party shall be wholly responsible for the increased portion of that bill.

If health insurance coverage for the child is provided through a health maintenance organization (HMO) or preferred provider organization (PPO), the parties are ORDERED to use health-care providers who are employed by the HMO or approved

19

by the PPO whenever feasible. If health-care expenses are incurred by using that HMO or PPO plan, SHAUN KELLY SELLERS is ORDERED to pay 50% FIFTY percent and ALICIA MCCOY PENA is ORDERED to pay 50% FIFTY percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, including, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges, for as long as child support is payable under the terms of this order. If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO, except in an emergency, without the written agreement of the other party, the party incurring the services is ORDERED to pay 100% ONE HUNDRED percent and the other party is ORDERED to pay 0% percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, as set out above. If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO in an emergency or with the written agreement of the other party, the party incurring the services is ORDERED to pay 50% percent and the other party is ORDERED to pay 50% percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, as set out above.

If the child is enrolled in a health-care plan that is not an HMO or a PPO, SHAUN KELLY SELLERS is ORDERED to pay 50% FIFTY percent and AMANDA LEIGH (BAKER) SELLERS is ORDERED to pay 50% FIFTY percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, including, without limitation, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges, for as long as child support is payable under the terms of this order.

11.     Payment of Uninsured Expenses - IT IS ORDERED that the party who pays for a health-care expense on behalf of the child shall submit to the other party, within ten days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child. IT IS FURTHER ORDERED that, within ten days after the nonpaying party receives the explanation of benefits stating benefits paid, that party shall pay his or her share of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party for any advance payment exceeding the paying party's share of the expenses.

12.     Exclusions - The provisions above concerning uninsured expenses shall be interpreted to include expenses for travel to and from the health-care provider, for parking fees and for nonprescription medication.

13.     Reasonableness of Charges - IT IS ORDERED that reasonableness of the charges for health-care expenses shall be presumed on presentation of the bill to a party and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

20

14.     Information Required - IT IS ORDERED that a party providing health insurance shall furnish to the other party and the local domestic relations office the following information no later than the thirtieth day after the date the notice of the rendition of this order is received:

(a)     the Social Security number of the party providing insurance;
(b)     the name and address of the employer of the party providing insurance;
(c)     whether the employer is self-insured or has health insurance available;
(d)     proof that health insurance has been provided for the child; and
(e)     the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim.

IT IS FURTHER ORDERED that any party carrying health insurance on the child shall furnish to the other party a copy of any renewals or changes to the policy no later than the fifteenth day after the renewal or change is received.

IT IS FURTHER ORDERED that a party providing health insurance shall provide to the other party and the local domestic relations office any additional information regarding health insurance coverage that becomes available to the party providing insurance. IT IS FURTHER ORDERED that the information shall be provided no later than the fifteenth day after the date the information is received.

15.     Order to Employer Entered - On this date an "Employer's Order to Withhold from Earnings for Child Support" and a "Medical Child-Support Order" were entered by the Court. For the purpose of section 1169 of title 29 of the United States Code, the party not carrying the health insurance policy is designated the custodial parent and alternate recipient's representative.

16.     Termination or Lapse of Insurance - If the health insurance coverage for the child lapses or terminates the party who is providing the insurance is ORDERED to notify the other party no later than the fifteenth day after the date of termination or lapse. If additional health insurance is available or becomes available to ALICIA MCCOY PENA for the child, PEYTON GRACE SELLERS, ALICIA MCCOY PENA must notify SHAUN KELLY SELLERS and the local domestic relations office no later than the fifteenth day after the date the insurance becomes available. IT IS ORDERED that ALICIA MCCOY PENA must enroll the child in a health insurance plan at the next available enrollment period.

17.     Place of Transmittal - IT IS ORDERED that all bills, invoices, statements, claims, explanations of benefits, insurance policies, medical insurance identification cards, other documents, and written notices, as well as payments, required to be transmitted by one party to the other under the health-care coverage and health insurance provisions of this order shall be transmitted by the sending party to the residence of the receiving party.

21

18. WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED.

## Miscellaneous Child Support Provisions

### No Credit for Informal Payments

IT IS ORDERED that the child support as prescribed in this temporary order shall be exclusively discharged in the manner ordered and that any direct payments made by AMANDA LEIGH (BAKER) SELLERS to SHAUN KELLY SELLERS or any expenditures incurred by AMANDA LEIGH (BAKER) SELLERS during AMANDA LEIGH (BAKER) SELLERS's periods of possession of or access to the child, as prescribed in this temporary order, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this temporary order.

### Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this temporary order shall be an obligation of the estate of AMANDA LEIGH (BAKER) SELLERS and shall not terminate on the death of AMANDA LEIGH (BAKER) SELLERS. Payments received for the benefit of the child, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of AMANDA LEIGH (BAKER) SELLERS's estate.

## Information Regarding Parties

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: AMANDA LEIGH (BKER) SELLERS
Social Security number: xxx-xx-X498   1310 3999
Driver's license number: 1903999   Issuing state:   TX
Current residence address: ~~30714 Dodson Three Drive,~~ Spring, TX 773~~86~~ 73
Mailing address:   Same   23818 FIRE GATE DR.
Home telephone number: 832-914-3986
Name of employer: None
Address of employment: N/A
Work telephone number: N/A

Name: SHAUN KELLY SELLERS
Social Security number:   xxx-xx-x027
Driver's license number: XXXXX690   Issuing state:   Texas
Current residence address: 1711 Maryon St., Baytown, Chambers County, TX
Mailing address:   Same

22

Home telephone number: 832-470-5571
Name of employer:   Sentinel Integrity
Address of employment: 6606 Miller Road 2, Houston, TX 77049 TX 77591
Mailing Address: Same
Work telephone number:  281.457-2225

Name: PEYTON GRACE SELLERS
Social Security number:   xxx-xx-x2598
Driver's license number:  None                          Issuing state:  None
Current residence address: 1711 Maryon St., Baytown, Chambers County, TX
Mailing address:   Same
Home telephone number:  None

## *Mutual Injunctions to Protect the Child*

The Court finds that the parties have entered into an agreement to enjoin the parents' conduct during the pendency of this suit.  IT IS ORDERED that the requirement of a bond is hereby waived by signature of each party.

The mutual injunctions granted below shall be effective immediately and shall be binding on SHAUN KELLY SELLERS and on AMANDA LEIGH (BAKER) SELLERS, as parent joint managing conservators, and any third party with notice of these injunctions. IT IS ORDERED that SHAUN KELLY SELLERS and AMANDA LEIGH (BAKER) SELLERS, as parent joint managing conservators, and any third party with notice of these injunctions are temporarily enjoined, including but not limited to LARRY DOUTY, NEDRA DOUTY and SHARON MEADOWS, from:

1.   Discussing this ~~modification~~ proceeding or related matters within the hearing of a child or in the presence of a child;

2   Allowing third parties to discuss this ~~modification~~ proceeding or related matters within the hearing of a child or in the presence of a child;

3.   Interrogating a child regarding the conduct of the other party during a period of possession of a child;

4.   Allowing third parties to interrogate a child regarding the conduct of the other party during a period of possession of a child;

5.   Making any derogatory comment or gesture regarding a party or a party's family member within the hearing of a child or in the physical presence of a child;

6.   Allowing third parties to make any derogatory comment or gesture regarding a party or a party's family member within the hearing or in the physical presence of a child;

23

7. Communicating with the other party in person, by telephone, or in writing in vulgar, profane, obscene or indecent language, or in a coarse or offensive manner;

8. Hiding or secreting the child from a party;

9. Allowing any unrelated adult to be present in the party's residence between the hours of 10:00 p.m. and 7:00 a.m. *during any period of possession*

10. Consuming alcohol eight hours prior to or during any period of transportation of a child the subject of this suit; and,

11. Communicating with the other party in person by telephone, or in writing in a vulgar, profane, obscene or indecent language or in an offensive manner.

The parties, SHAUN KELLY SELLERS and on AMANDA LEIGH (BAKER) SELLERS, waive issuance and service of process and citation of these injunctions and waive issuance of bond for the performance of these injunctions and agree to the terms of the Temporary Mutual Injunctions issued on the date of entry of this Agreed Temporary Order as evidenced by their signatures hereto and specifically agree that these injunctions shall continue in full force until modified by this Court.

### Drug Test Ordered

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS shall appear at STAT TESTING 9235 Hwy 146, Ste 4, Baytown, TX 77523 Phone No. 281.576.2799 for the purpose of provided hair follicle and urine samples for the purpose of drug testing for opiates and non-opiates including but not limited to a medical health panel (prescription medications) by 5:00 o'clock p.m. on _December 9_____, 2014. IT IS ORDERED that SHAUN KELLY SELLERS shall prepay all costs associated with this initial drug test. IT IS ORDERED that all subsequent drug tests shall be paid for by AMANDA LEIGH (BAKER) SELLERS.

IT IS ORDERED that AMANDA LEIGH (BAKER) SELLERS' failure to timely appear on or before the date and time set out in this order will constitute a automatic finding of a positive drug test result for all purposes and all periods of possession will be suspended.

In the event of AMANDA LEIGH (BAKER) SELLERS' failure to timely appear or in the event of a positive drug test, IT IS ORDERED that all periods of possession as set out herein are suspended until such time as AMANDA LEIGH (BAKER) SELLERS' provides this Court with a negative hair follicle and urine drug test result.

### WARNINGS
EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME

24

TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at the 253RD Judicial District Court of Chambers County, Texas at P. O. Box 490, Anahuac, TX 77514. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

### *Attorney's Fees and Costs*

IT IS ORDERED that each party shall pay all attorneys' fees and cost incurred

on their behalf.

### *Relief Not Granted*

IT IS ORDERED that all other relief requested and not expressly granted herein

is reserved for trial.

### Date of Order

SIGNED on ___December 5___, 2014.

JUDGE PRESIDING

**Judge Carroll Wilborn, Jr**
**Sitting by Assignment**

APPROVED AS TO FORM ONLY:

BEVERLY J. HARPER
P.O. Box 665
Channelview, Texas 77530
281-839.7465
FAX 281-839-7645
TBN: 14250450
beverlyjharper@gmail.com
Attorney for Petitioner,
SHAUN KELLY SELLERS

FILED
THIS THE 5 DAY OF DEC
A.D. 2014 AT 2.09 O'CLOCK
PAT H L. HENRY
DISTRICT CLERK, CHAMBERS COUNTY, TEXAS
BY DEPUT

26

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

SHAUN KELLY SELLERS, Petitioner

AMANDA LEIGH (BAKER) SELLERS, Respondent

27